Argued March 1, affirmed April 2, petition for rehearing denied
May 10, petition for review denied July 17, 1973

# STATE OF OREGON, *Respondent, v.* RICHARD ALLEN BROWN (No. 26574), *Appellant.*

508 P2d 234

*Robert C. Cannon,* Deputy Public Defender, Salem,

argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Defendant appeals from conviction of first-degree theft. ORS 164.055.

He contends that (1) the indictment did not state a crime, (2) the evidence did not support the verdict in that there was not corroboration of accomplice testimony, and (3) the indictment is void because it fails to apprise the defendant of the nature of the charge alleged.

The pertinent part of the indictment is:

"The Said RICHARD ALLAN [sic] BROWN on the 14th day of January, 1972, in the County of Benton and State of Oregon, then and there being, and acting together in pursuance of a common intent with Gary Lynn Fuller, did then and there knowingly, unlawfully and feloniously commit theft of a General Motors four-speed automobile transmission, the property of Danny Walker; a brown tool chest containing tools, the property of Harley Long; and a seven inch 'Skill' [sic] electrical sander, the property of Ortha Orr, of the total value of more than Two Hundred Dollars * * *."

The substance of contentions (1) and (3) is considered in our opinion in *State v. Jim/White,* 13 Or App 201, 508 P2d 462, Sup Ct *review denied* (1973), wherein we

have upheld indictments for theft under the 1971 criminal code revision, if couched in terms similar to the terms of the indictment in this case. One point made under the first contention was not specifically considered in *Jim/White*. That point is that the evidence at bar was that two of the three items alleged to have been stolen were taken in December 1971, which was before the effective date of the new criminal code, namely, January 1, 1972. Therefore, defendant contends he could not be convicted of the taking under the new code.

Evidence also was received from which it could be inferred that defendant was apprehended immediately after he and his accomplice sought to dispose of all three stolen items on January 14, 1972. We held in *Jim/White* that proof of any of the definitions of theft under ORS 164.015 is proof of the one crime, theft. ORS 164.015 (5) thus defines "theft" as taking, appropriating, obtaining or withholding requisite property "* * * as provided in ORS 164.095."

The latter section provides:

"(1) A person commits theft by receiving if he receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft.

"* * * * *."

The inferences which are attributed to the evidence we have mentioned bring the defendant within the above-quoted definition of theft.

With reference to defendant's contention (2), that there was insufficient corroboration of the accomplice's testimony which tied defendant into the crime: Two police officers testified that at night on

January 14, 1972 they investigated a suspicious car parked in the dark near railroad tracks. They heard noises of metal against metal and of a "crash" near railway cars on the tracks. They went that direction in the dark and found defendant and the accomplice. Investigating, they found the stolen tool box close by the side of the track. Officer Branham testified:

"* * * As the two subjects walked from behind the boxcars I could see them and I could notice the box without actually shining a light * * *."

No other people were seen in the vicinity. Later the same night all of the other stolen property was found by the same tracks in the same area. Defendant disclaimed any knowledge of the stolen property. However, the fact trier did not need to believe that, and it could infer from the evidence reviewed above that defendant did have knowledge of the stolen property, and had been engaged with the accomplice in disposing of it when apprehended. That is all that was needed for corroboration of the accomplice's testimony.

"* * * [T]he defendant and the accomplice were together at a place and under circumstances not likely to have occurred unless there was criminal concert between them. * * *" *State v. Carroll,* 251 Or 197, 200, 444 P2d 1006 (1968).

Affirmed.